```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ROBERT WIEGAND,

                Plaintiff,             MEMORANDUM & ORDER
                                       09-CV-1652(JS)(AKT)
    - against -

THE STATE OF NEW YORK, ET AL.,

                Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:     Robert Wiegand, pro se
                   02-A-0611
                   Bare Hill Correctional Facility
                   Caller Box 20
                   181 Brand Road
                   Malone, NY 12953

For Defendants:    Toni E. Logue, Esq.
                   New York State Attorney General's Office
                   200 Old Country Road, Suite 460
                   Mineola, NY 11501
```

SEYBERT, District Judge:

On April 20, 2009, pro se Plaintiff Robert Wiegand filed a Complaint seeking a judgment declaring New York State Penal Law § 70.45 unconstitutional. Pending before the Court is Defendant's motion to dismiss Plaintiff's Complaint. For the reasons stated below, Defendant's motion is GRANTED.

## BACKGROUND

Plaintiff's Complaint relates to the imposition of a post-release supervision ("PRS") term to Plaintiff's sentencing. Plaintiff maintains that he started serving a seven-year determinate term of incarceration on April 2, 2001, and that he completed serving this term on March 25, 2008. However, on July 4,

2008, Plaintiff was reincarcerated for a violation of his post-release supervision term, and received a new sentence expiration date of March 22, 2013. Plaintiff maintains that his "agreement was only to a seven year maximum term of imprisonment, not . . . a twelve year term." Comp. ¶ 9. Plaintiff states that he was never informed that his PRS term would enlarge his sentence.

Plaintiff's Complaint alleges that there is no constitutional basis for a PRS term, and thus the imposition of a PRS term is unlawful. Among other things, Plaintiff argues that the PRS statute constitutes cruel and unusual punishment and a bill of attainder, violates the double jeopardy clause and the separation of powers doctrine, and denies Plaintiff the right to a jury trial.

## DISCUSSION

I. Plaintiff's Complaint is Dismissed

New York law required Plaintiff to serve a period of supervised release upon the expiration of his prison sentence. N.Y. Penal L. § 70.45 (stating that "Each determinate sentence also includes, as a part thereof, an additional period of post-release supervision," and that, with certain designated exceptions, "The period of post-release supervision for a determinate sentence shall be five years"). At the outset, the Court notes that Plaintiff was informed at his sentencing that he would be subject to a five-year PRS term. (See Def.'s Exs. B, C). Thus, Plaintiff cannot argue

that he was not notified of the PRS term, and cannot claim that his PRS term is unconstitutional because it was administratively imposed. The imposition of Plaintiff's PRS term satisfied due process because it was judicially, and not administratively, imposed.

Plaintiff's arguments that the PRS statute is unconstitutional are unavailing. Post-release supervision does not violate the double jeopardy clause because it is "part of the penalty for the initial offense." Johnson v. United States, 529 U.S. 694, 700, 120 S. Ct. 1795, 1800, 146 L. Ed. 2d 727 (2000). Although no federal court has specifically considered whether N.Y. Penal L. § 70.45 violates the separate of powers doctrine, when considering other supervised release statutes, federal courts have uniformly rejected similar arguments. See, e.g., United States v. Mejia-Sanchez, 172 F.3d 1172, 1175 (9th Cir. 1999); United States v. Walter, 223 Fed. Appx. 810, 812 (10th Cir. 2007). Next, Plaintiff claims that supervised release constitutes a "bill of attainder." However, Plaintiff's criminal sentence was not a legislative act, much less one directed at him or a group of "easily ascertainable" individuals. See Cal. Dept. of Corrections v. Morales, 514 U.S. 499, 521 n.4, 115 S. Ct. 1597, 131 L. Ed. 2d 588 (1995) (internal citations and quotations omitted). Plaintiff also argues that the PRS term constitutes cruel and unusual punishment. Plaintiff has not supported this claim with any

3

arguments, and the Court independently has not found any basis to hold that the PRS term violates the Eight Amendment. Finally, Plaintiff's claim that the PRS term violates his right to a jury trial is unavailing because by pleading guilty, Plaintiff waived his right to a jury trial. The Court has reviewed Plaintiff's remaining arguments and finds them to be without merit. Because the Court finds that N.Y. Penal Law § 70.45 is not unconstitutional, the Court dismisses Plaintiff's Complaint in its entirety.

II. <u>In Forma Pauperis Status on Appeal is Denied</u>

The Court certifies that an appeal of this Order would not be taken in good faith and therefore denies <u>in</u> <u>forma</u> <u>pauperis</u> status for purposes of an appeal. The Court finds that an attempt to seek appellate review of the issues in this case would be frivolous. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 445, 82 S. Ct. 917, 920, 8 L. Ed. 2d 21, 28 (1962). ("We consider a defendant's good faith in this type of case demonstrated when he seeks appellate review of any issue not frivolous. In so doing, we note that if in forma pauperis litigation is attempted for reasons that may genuinely be characterized as the litigant's 'bad faith,' express authority exists in 28 U. S. C. § 1915 (d) for dismissal of the cause as frivolous.").

CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is GRANTED. The Court certifies that an appeal of this Order would not be taken in good faith and therefore denies <u>in forma pauperis</u> status for purposes of an appeal. The Clerk of the Court is directed to mark this matter closed and terminate all pending motions.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
       December  28 , 2009

5